O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF        )   Case Nos.:
    AMERICA,                )       EDCV 11-01073 VAP
12                          )       *EDCR 08-00199 VAP - 2*
                Plaintiff,  )
13                          )   **ORDER DENYING MOTION**
        v.                  )   **PURSUANT TO 28 U.S.C. § 2255**
14                          )
    ADAN ROSALES GONZAGA,   )   **[Motion filed on July 13,**
15                          )   **2011]**
                Defendant.  )
16  _____)

17              **I.  SUMMARY OF PROCEEDINGS**

18      On July 13, 2011, Defendant Adan Rosales Gonzaga

19  filed a "Motion to Vacate, Set Aside or Correct Sentence

20  by a Person in Federal Custody, 28 U.S.C. § 2255."

21  ("Mot.").  (Doc. No. 112.)[1]  On January 9, 2012, the

22  Court modified the briefing schedule for Defendant's

23  Motion, permitting the Government to file its Opposition

24  by January 13, 2012, and Defendant to file his Reply by

25

26  _____

27      [1]  Many of the documents filed in support appear on
    both the civil docket for this case, ED CV 11-01073 VAP,
    and on the docket for the underlying criminal case,
28  United States v. Gonzaga, et al., ED CR 08-00199 VAP - 2.
    Unless otherwise noted, all citations to docket numbers
    refer to the criminal case docket.

1  February 24, 2012.  On January 13, 2012, the Government
2  filed its Opposition to the Motion ("Opp'n"), accompanied
3  by the Declaration of Antoine F. Raphael and attached
4  exhibits.  Defendant did not file a Reply.
5
6                    **II.   BACKGROUND**
7      On October 8, 2008, a federal grand jury in this
8  district returned a seven-count indictment charging
9  Defendant with:
10     (1)  conspiracy to possess narcotics with intent to
11          distribute, in violation of 21 U.S.C. § 846;
12     (2)  manufacturing 1,000 or more marijuana plants, in
13          violation of 21 U.S.C. §§ 841(a)(1) and
14          841(b)(1)(A); 18 U.S.C. § 2(a);
15     (3)  manufacturing 1,000 or more marijuana plants, in
16          violation of 21 U.S.C. §§ 841(a)(1) and
17          841(b)(1)(A); 18 U.S.C. § 2(a);
18     (4)  intentionally possessing with intent to
19          distribute a mixture and substance containing a
20          detectable amount of marijuana, in violation of
21          21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 18
22          U.S.C. § 2(a);
23     (5)  intentionally possessing with intent to
24          distribute a mixture and substance containing a
25          detectable amount of marijuana, in violation of
26          21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 18
27          U.S.C. § 2(a);
28

    (6) possessing a firearm during and in relation to
and in furtherance of a drug trafficking crime,
in violation of 18 U.S.C. §§ 924(c)(1)(A) and
(2)(a); and

    (7) possessing multiple firearms during and in
relation to and in furtherance of a drug
trafficking crime, in violation of 18 U.S.C.
§§ 924(c)(1)(A) and (2)(a).

(Indictment (Doc. No. 11).)  On February 2, 2010,
Defendant signed a plea agreement with the Government,
agreeing to plead guilty to Counts One and Six of the
Indictment.  (Plea Agreement (Doc. No. 55 ¶ 2).)  On
February 16, 2010, the Court, the Honorable Richard A.
Paez, Circuit Judge (sitting by designation) presiding,
held a change-of-plea hearing for Defendant wherein
Defendant changed his plea from "not guilty" to "guilty"
for Counts One and Six.  (See Min. of Change of Plea
Hr'g. (Doc. No. 59).)

    On July 20, 2010, the Court sentenced Defendant to
120 months incarceration on Count One, and 60 months on
Count Six, to be served consecutively.  (J. & Commitment
Order (Doc. No. 94).)

    Defendant filed his notice of appeal on August 3,
2010 (Doc. No. 97), and the Ninth Circuit affirmed his
sentence on November 8, 2011.  See United States v.

1  <u>Gonzaga</u>, No. 10-50369, 2011 WL 5357535 (9th Cir. Nov. 8,

2  2011).

3

4                    **III.  LEGAL STANDARD**

5       Section 2255 authorizes the Court to "vacate, set

6  aside or correct" a sentence of a federal prisoner that

7  "was imposed in violation of the Constitution or laws of

8  the United States."  28 U.S.C. § 2255(a).  Claims for

9  relief under § 2255 must be based on some constitutional

10  error, jurisdictional defect, or an error resulting in a

11  "complete miscarriage of justice," or in a proceeding

12  "inconsistent with the rudimentary demands of fair

13  procedure."  <u>United States v. Timmreck</u>, 441 U.S. 780,

14  783-84 (1979).  If the record indicates clearly that a

15  petitioner does not have a claim or that he has asserted

16  "no more than conclusory allegations, unsupported by

17  facts and refuted by the record," a district court may

18  deny a § 2255 motion without an evidentiary hearing.

19  <u>United States v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986);

20  <u>see also United States v. Chacon-Palomares</u>, 208 F.3d

21  1157, 1159 (9th Cir. 2000) ("When a prisoner files a

22  § 2255 motion, the district court must grant an

23  evidentiary hearing 'unless the motion and the files and

24  records of the case conclusively show that the prisoner

25  is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

26

27

28

                              4

**III.   DISCUSSION**

In his Motion, Defendant raises two grounds he contends entitle him to relief.  First, he argues he "did not 'use' or 'carry' a firearm within the meaning of [§] 924(c)(1), because he did not 'actively employ' a firearm as defined in [United States] v. Bailey, 516 U.S. 137 (1995)."  (Mot. at 5.)  Second, Defendant contends he was "unlawfully induced" to change his plea from "not guilty" to "guilty."  (Mot. at 7.)

**A.   Defendant's First Ground for Relief**

Relying on United States v. Bailey, Defendant contends he did not "actively employ" a firearm, and thus did not "use" or "carry" a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A), which requires a minimum consecutive sentence of five years imprisonment for anyone who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." Defendant's argument fails for several reasons.

First, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that

1  he is actually innocent."  <u>Id.</u> at 622 (internal citations

2  omitted).  A defendant can demonstrate "cause" by showing

3  "that some objective factor external to the defense

4  impeded his adherence to the procedural rule."  <u>United</u>

5  <u>States v. Skurdal</u>, 341 F.3d 921, 925 (9th Cir. 2003)

6  (citation and internal quotation omitted).

7

8      Here, a review of Defendant's opening brief filed

9  with the Ninth Circuit for his direct appeal reveals that

10 he did not raise this issue on appeal.  (<u>See</u> <u>Gonzaga</u>, No.

11 10-50369, Opening Br. (Doc. No. 16) at 2.)  Hence, as

12 Defendant did not raise this issue in his direct appeal,

13 he has procedurally defaulted this claim.  <u>Bousley</u>, 523

14 U.S. at 621; <u>Skurdal</u>, 341 F.3d at 925 ("'If a criminal

15 defendant could have raised a claim of error on direct

16 appeal but nonetheless failed to do so, he must

17 demonstrate both cause excusing his procedural default,

18 and actual prejudice resulting from the claim of error.'"

19 (quoting <u>United States v. Johnson</u>, 998 F.2d 941, 945 (9th

20 Cir. 1993))).  Moreover, as Defendant has offered no

21 evidence demonstrating "cause," "prejudice," or that he

22 is "actually innocent," he is procedurally barred from

23 maintaining his first claim.

24

25     Second, even assuming Defendant did not procedurally

26 default on his first claim, the claim fails on the

27 merits, as the case he relies upon, <u>United States v.</u>

28

<u>Bailey</u>, is no longer good law.  In <u>Bailey</u>, the Court held
that "mere possession" of a firearm was insufficient to
trigger the penalty provision in § 924(c)(1), and
reasoned that "use" of a firearm as specified in
§ 924(c)(1) "must connote more than mere possession of a
firearm by a person who commits a drug offense."  516
U.S. at 143.  The Court therefore "h[e]ld that §
924(c)(1) requires evidence sufficient to show an active
employment of the firearm by the defendant, a use that
makes the firearm an operative factor in relation to the
predicate offense."  <u>Id.</u>

In 1998, three years after the Court decided <u>Bailey</u>,
Congress "added the word 'possesses' to the principal
paragraph" of § 924(c), in an "amendment [that] was
colloquially known as the 'Bailey Fix Act.'"  <u>United
States v. O'Brien</u>, 560 U.S. ___, 130 S. Ct. 2169, 2179
(2010) (citing 144 Cong. Rec. 26608 (1998) (remarks of
Sen. DeWine)).  Hence, by amending § 924(c), "the
Legislature brought possession within the statute's
compass."  <u>Abbott v. United States</u>, 560 U.S. ___, 131 S.
Ct. 18, 25 (2010) (citing <u>O'Brien</u>, 130 S. Ct. at 2179).

Here, Defendant committed the crimes charged in 2008,
after § 924(c) was amended.  Moreover, in Defendant's
Plea Agreement, he admitted that he:

1   possessed at the Cultivation Site the following
2   item[] used in furtherance of [his] agreement to
    manufacture and possess with intent to distribute
3   marijuana plants and marijuana: . . . (3) a
    Norinco SKS 7.62 x 39 rifle, Serial No. 22045280,
    modified pistol grip with stock removed.

4   (Plea Agreement at 7-8.)  Thus, as the amended version of

5   § 924(c) applied when Defendant committed the crimes, and

6   Defendant admitted that he "possessed" the firearm in his

7   Plea Agreement, the Government did not need to

8   demonstrate Defendant "actively employed" the firearm for

9   § 924(c) to apply; possession alone was sufficient.

10  Accordingly, Defendant's reliance on <u>Bailey</u> is misplaced

11  and his sentence for violating § 924(c) was proper.

12

13      The Court therefore DENIES Defendant's Motion as to

14  his first ground for relief.

15

16  **B.   Defendant's Second Ground for Relief**

17      Defendant next contends he was "unlawfully induced"

18  by unspecified threats of force or fear to enter a guilty

19  plea.  (Mot. at 7.)  This argument also fails.

20

21      It is well established that criminal defendants are

22  "barred from using a § 2255 motion to relitigate issues

23  decided on direct appeal." <u>United States v. Ramirez</u>, 327

24  F. App'x 751, 752 (9th Cir. 2009) (citing <u>United States</u>

25  <u>v. Redd</u>, 759 F.2d 699, 701 (9th Cir. 1985)); <u>see also</u> <u>Sun</u>

26  <u>Bear v. United States</u>, 644 F.3d 700, 702 (8th Cir. 2011)

27  ("With rare exceptions, § 2255 may not be used to

28

8

relitigate matters decided on direct appeal." (citing
Davis v. United States, 417 U.S. 333, 346-47 (1974));
Yick Man Mui v. United States, 614 F.3d 50, 55 (2d Cir.
2010) ("[A] Section 2255 petitioner may not 'relitigate
questions which were raised and considered on direct
appeal.'" (quoting United States v. Becker, 502 F.3d 122,
127 (2d Cir. 2007)); United States v. Linder, 552 F.3d
391, 396-97 (4th Cir. 2009) (holding a defendant "may not
circumvent a proper ruling on his Booker challenge on
direct appeal by re-raising the same challenge in a §
2255 motion."); United States v. Sanin, 252 F.3d 79, 83
(2d Cir. 2001) ("It is well established that a § 2255
petition cannot be used to relitigate questions which
were raised and considered on direct appeal." (internal
quotation marks omitted)); DuPont v. United States, 76
F.3d 108, 110 (6th Cir. 1996) (same).

Here, Defendant raised in his direct appeal the
argument he advances now; i.e., that he was "unlawfully
induced" through threats of force or fear to enter a
guilty plea, and the district court failed to inquire
about the voluntariness of his plea.  (See Gonzaga, No.
10-50369, Opening Br. (Doc. No. 16) at 11, 12, 16, 17;
see also Mot. at 8 ("This issue is raised in an appeal
from sentence [sic] now pending in the [Ninth
Circuit].").)  In response, the Ninth Circuit affirmed
the guilty plea and sentence, holding that "[a]lthough

the district court erred in its plea colloquy" by not
inquiring whether Defendant's "guilty plea was the result
of force or threats," Defendant nevertheless "failed to
establish a reasonable probability that, but for the
error, he would not have entered the plea."  <u>Gonzaga</u>,
2011 WL 5357535, at *1.  Accordingly, as Defendant
raised, and the Ninth Circuit rejected, this argument on
appeal, he cannot raise the argument in his § 2255
Motion.  <u>Ramirez</u>, 327 F. App'x at 752; <u>Redd</u>, 759 F.2d at
701.

     The Court therefore DENIES Defendant's Motion as to
the second ground for relief.

     As both of Defendant's grounds for relief fail, the
Court DENIES Defendant's § 2255 Motion WITH PREJUDICE.

Dated:  May 24, 2012

_____
VIRGINIA A. PHILLIPS
United States District Judge